UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

L.C.                                                                    PLAINTIFF

v.                                                   CIVIL NO. 5:21-CV-124-GFVT

HOSEA LEE, and
UNITED STATES                                                        DEFENDANTS

## UNITED STATES' RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 59(e) MOTION

The United States agrees that any negligent supervision claim Plaintiff asserted

has been dismissed. The United States, however, opposes Plaintiff's motion under Fed.

R. Civ. P. 54(b). Her arguments fail to clear the Sixth Circuit's high bar for Rule 54(b)

certification. Plaintiff's motion related to that issue should be denied.

## ARGUMENT

### I.      Plaintiff's Negligent Supervision Claim Was Dismissed.

Plaintiff first suggests in her motion that the United States and the Court

mischaracterized her generic negligence claim (Count III in her complaint), improperly

casting it as containing three distinct claims of negligence (negligent confinement,

negligent hiring, and negligent training) when, in fact, it contains a fourth: negligent

supervision. Plaintiff could have raised this issue in her response to the United States'

motion to dismiss, in which it listed the three claims of negligence it deciphered, [*see*

DN 26 at 10], but she did not. Nevertheless, Plaintiff concedes in her motion that

although her negligent supervision claim was not dismissed by name it was dismissed

in substance. [DN 38 at 2; DN 38-1 at 1.]

The United States agrees that any negligent supervision claim that was asserted was addressed by the Parties and dismissed by the Court. In Plaintiff's response to the United States' motion, she cited statutes and regulations that relate to how prisons operate and are staffed and supervised. [DN 29 at 12-17.] The United States explained in its response that the discretionary function exception (DFE) and Rule 12(b)(6) necessitated dismissal of any negligence claims premised on those statutes and regulations. [DN 30 at 9-14.] The Court then addressed those arguments in its memorandum opinion and order and granted the United States' motion. [DN 33 at 9-17.]

The United States does not object to Plaintiff's clarification that any negligent supervision claim has been dismissed. That issue was briefed and decided. Any appeal on that issue will be based upon the Court's well-reasoned opinion granting the United States' motion to dismiss.

## II.     There Is No Judgment Bar Issue Because No Judgment Has Been Entered.

Plaintiff also argues in her motion that the Federal Tort Claims Act's (FTCA) judgment bar may be implicated in this matter and necessitate dismissal of her Eighth Amendment claim against Hosea Lee. [DN 38 at 3.] This is a perplexing argument.

28 U.S.C. § 2676 states: "The *judgment* in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act of omission gave rise to the claim." (emphasis added). Because the Court hasn't issued a judgment yet, the

2

judgment bar is not yet at issue. However, if Plaintiff's Rule 59(e) motion is granted, the judgment bar may provide a basis for dismissing Plaintiff's *Bivens* claim against Defendant Hosea Lee. *See Simmons v. Himmelreich*, 136 S. Ct. 1843, 1847 (2016). Plaintiff doesn't provide any explanation for how her inconsistent request—she is asking the Court to issue a judgment now that may imperil her claim against Defendant Hosea Lee, which is the result she claims she is trying to avoid—helps resolve this case more efficiently than letting this case proceed through discovery and resolution of dispositive motions and then filing one appeal.

### III.    Plaintiff's Request For Rule 54(b) Certification Should Be Denied.

Plaintiff gives short shrift to explaining how the Rule 54(b) factors are satisfied in this case. She merely cites *Gencorp* and claims without explanation that the factors are met. [DN 38 at 4.] In fact, the factors aren't satisfied. Most notably, regarding factor one, the United States agrees that the claims that were dismissed are distinct from the claims that are still present. They were properly dismissed without discovery. However, under Plaintiff's suggested plan, this case is going to travel down two paths. Troublingly, there is no guarantee that the paths will end at their destinations at the same time. If they don't, this could result in discovery and possibly even resolution of the two claims still pending before the Court and then, following the Sixth Circuit's decision, another period of discovery involving the same people and entities. That threat alone is enough to sink Plaintiff's argument.

Moreover, even if the Court certified certain claims for appeal under Rule 54(b), there is no guarantee the Sixth Circuit would consider the appeal on the merits. Indeed,

3

in the case Plaintiff cited in her brief, the Sixth Circuit found the certification failed to meet its stringent requirements and dismissed the appeal. [DN 38 at 4 (citing *General Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1032 (6th Cir. 1994)).]

If, however, Plaintiff voluntarily dismissed her negligent hiring and negligent training claims with prejudice, it might be appropriate for the Court to certify this matter under Rule 54(b). Under that scenario, an appeal would likely resolve whether the judgment bar was going to impact Plaintiff's claim against Defendant Lee. An appeal could then facilitate a more efficient resolution because the viability of Plaintiff's claim against Defendant Lee is contingent on Plaintiff winning her appeal (and subsequently securing a favorable final judgment).

If Plaintiff refuses to dismiss her negligent hiring and negligent training claims, the better course of action is for the Court to order six months of fact discovery and a dispositive motion deadline around thirty days after discovery concludes. The United States should be prepared at that time to move for summary judgment on Plaintiff's negligent training and negligent hiring claims. In light of Defendant Lee's guilty plea in *United States v. Lee*, No. 5:21-cr-84 (E.D. Ky.), that amount of time should be more than enough for Plaintiff and Defendant Lee to develop facts relevant to Plaintiff's Eighth Amendment claim. After the Court rules on the United States' motion for summary judgment, Plaintiff can then appeal all of her claims and avoid piecemeal litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be partially granted and partially denied.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-6238
Timothy.thompson@usdoj.gov
Special Assistant United States Attorney
Eastern District of Kentucky

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the foregoing with the using the Court's CM/ECF system, which automatically provides notice of filing to all parties of record.

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney
Western District of Kentucky
Special Assistant United States Attorney
Eastern District of Kentucky