IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

L.C.,

     Plaintiff,

v.                                 Civil Action No. 5:21-cv-124-GFVT

UNITED STATES OF AMERICA;
RDAP INSTRUCTOR HOSEA LEE,

     Defendants.

**PLAINTIFF'S REPLY TO UNITED STATES' RESPONSE
TO PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 59(e) MOTION**

In her motion pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff requested that the Court enter an amended Order to clarify which negligence claims have been dismissed to ensure their proper preservation. She also requested that, pursuant to Rule 54(b), the Court expressly direct entry of final judgment as to all dismissed claims so she may initiate an appeal. For the reasons set forth below, Plaintiff respectfully asks the Court to grant her requests.

**ARGUMENT**

**I.     Defendant's continued vague characterization of Plaintiff's negligence claims necessitates an amended Order clarifying which claims have been dismissed**

Plaintiff's first request—that the Court enter an amended Order clarifying which negligence claims have been dismissed—stems from Defendant United States' inconsistent Motion to Dismiss and its incorrect representation of Plaintiff's position in its Response to Plaintiff's Rule 59(e) Motion currently before the Court. (Ex. A, Def. Motion to Dismiss; Ex. B Plaintiff's 59(e) Motion;

1

Ex. C Def. Response to Plaintiff's 59(e) Motion). As Defendant's Motions now stand, there is a high risk for confusion on appeal.

To recapitulate, on May 8, 2021 Plaintiff filed a complaint with three counts. Count I was against correctional officer Hosea Lee pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2D 619 (1971). Counts II and III were brought pursuant to the Federal Tort Claims Act ("FTCA"). Count II was against Defendant United States for assault and battery. Count III contained Plaintiff's claims for negligence of variously and specifically plead types.

On September 10, 2021, Defendant filed a Motion to Dismiss and titled it a full motion to dismiss rather than a partial motion to dismiss. (Ex. A). The Motion's title suggests it sought to have all counts against Defendant—including Count III for various claims of negligence— dismissed completely.

Yet, as the Motion proceeded as to the negligence claims, the language in Defendant's Motion suggested it did not seek to dismiss Count III entirely. Defendant stated, "Count III of Plaintiff's complaint includes claims of negligence in the hiring and training of Lee and for negligent confinement. Plaintiff's negligent confinement claim should be dismissed under the discretionary function exception (DFE) to the FTCA and under Rule 12(b)(6)." *Id.* at 10. Defendant did not specifically move to have the hiring and training claims dismissed. It also did not address any other claims of negligence. Puzzlingly, Defendant went on to characterize all of Count III negligence claims, excepting training and supervision, as "negligent confinement." This inartful and vague argument could easily lead to confusion on appeal.

In an Order dated April 19, 2022, the Court granted Defendant's Motion to Dismiss and appears to have separated Count III into three separate negligence claims. (Ex. D)

2

"Count III of L.C.'s complaint includes claims of negligent hiring and training of Mr. Lee and negligent confinement. The United States specifically argues that the negligent confinement portion of Count III 'should be dismissed under the discretionary function exception (DFE) to the FTCA and under Rule 12(b)(6).'" *Id.* at 8. (internal citations omitted). In agreement with Defendant, and consistent with Defendant's framing of the negligence count, the Court dismissed the "negligent confinement" claim along with the assault and battery claim presented by Count II. *Id.* at 17.

Simply wanting to have the record clarified for purposes of appeal, and wishing to have the order be one that is undeniably appealable, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking clarification of which negligence claims have been dismissed and which are preserved and also seeking Rule 54(b) certification.

However, in Defendant's 59(e) Response Motion currently before the Court, Defendant muddies the waters once again. Plaintiff is clearly asking the Court to amend its April 19, 2022 Order to reflect that Count II is dismissed completely and that Count III claims are completely dismissed except for the claims of negligent hiring and negligent training. Defendant erringly asserts that Plaintiff seeks to clarify only the claim for negligent supervision and that it agrees that claim is dismissed. (Ex. C at 1.)

Due to the great confusion created by Defendant's vague characterization of Plaintiff's negligence claims, Plaintiff respectfully requests that this Court alter or amend the April 19, 2022 Order and specifically express that Defendant United States' Motion to Dismiss is granted, dismissing Count II for assault and battery completely, and explicitly and completely dismissing Count III except for the claims of negligent hiring and negligent training.

3

II.     **The Judgment Bar is implicated under the Federal Tort Claims Act and Plaintiff's Motion for Federal Rule of Civil Procedure 54(b) Certification should be granted**

The judgment bar in the FTCA "precludes 'any action by the [plaintiff], by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim' if a court enters '[t]he judgment in an action under section 1346(b).'" *Brownback v. King*, 141 S. Ct. 740, 745 (2021) (quoting 28 U.S.C. § 2676).

The United States Supreme Court's February 2021 *Brownback* decision clarified the FTCA's judgment bar and found that if a plaintiff's claims are dismissed—even solely on 12(b)(6) grounds—the judgment bar will be triggered and any associated *Bivens* actions may be dismissed. *Id.* at 748.

In the present matter, Plaintiff's claims for assault and battery and for negligent confinement have already been dismissed on 12(b)(1) and 12(b)(6) grounds. If the case is allowed to proceed and Plaintiff's remaining claims are dismissed—on 12(b)(1), 12(b)(6) or other grounds—the FTCA's judgment bar will be triggered and Plaintiff's *Bivens* claim against Hosea Lee will consequently be dismissed.

Defendant's suggestion that the FTCA's judgment bar is not implicated in this matter is incorrect. If Plaintiff merely waits for the rest of her claims to potentially be dismissed, her chance to thwart the application of the judgment bar will be gone. Plaintiff submits that it is essential that she be able to appeal the Court's dismissal of her assault and battery claims and her claim for negligent confinement at this juncture. If the dismissals are reversed, judgment bar imposition could be avoided.

Plaintiff respectfully requests that the Court, per Federal Rule of Civil Procedure 54(b), expressly direct the entry of final judgment as to Count II and all of the claims encompassed by

Count III excepting the negligent hiring and negligent training claims, further stating and describing that the Court has expressly determined that there is no just reason to delay an appellate review of the dismissal. As stated in her Rule 59(e) Motion, Plaintiff meets the requirements for a 54(b) order found in *General Acquisition v. Gencorp, Inc.* 23 F.3d 1022 (6th Cir. 1994). The relationship between the adjudicated and unadjudicated claims here is paramount. *See Id.* at 1030. If the adjudicated claims for assault and battery and negligent confinement are reversed, the judgment bar will not be triggered. In addition, it would waste time and judicial resources to fully prosecute the currently active claims and then, should the Court's dismissal be reversed, return to do it again. *See Id.*

Defendant argues that Plaintiff should not seek entry of judgment on her assault and battery claims and her negligent confinement claim because it may trigger the judgment bar and "provide a basis for dismissing Plaintiff's *Bivens* claim against Hosea Lee" and the entry of judgment may "imperil her claim against Hosea Lee." (Ex. C at 3). Defendant's remedy for this potential pitfall is to have Plaintiff wait for the rest of her claims to potentially be dismissed—which would trigger the very judgment bar Defendant is warning the Plaintiff about.

Defendant proposes that a Rule 54(b) certification would be appropriate if plaintiff voluntarily dismisses the balance of the FTCA negligence claims that survived the Court's Order.  Because Plaintiff submits that certification is already proper, this is an unwarranted and unfair ultimatum. However, should the Court disagree, then Plaintiff prays that that the Court so notify the parties of that belief and set a reasonable deadline by which Plaintiff can move to dismiss the remaining FTCA claims, should that be her election.

5

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully prays that her Motion Pursuant to Federal

Rule of Civil Procedure 59(e) to Alter or Amend Order Entered April 19, 2022 be granted.

Respectfully submitted,

/s/ L. Dante diTrapano
L. Dante diTrapano, Esq. (WVSB #6778)
CALWELL LUCE DITRAPANO, PLLC
500 Randolph Street
Charleston, WV 25302
Telephone: 304-343-4323
Fax: 304-344-3684
dditrapano@cldlaw.com

*/s/ David G. Bryant*
David G. Bryant, Esq. (KBN 91351)
David Bryant Law, PLLC
600 W. Main Street, STE 100
Louisville, KY 40202
Telephone: 502-540-1221
Fax: 502-540-1200
david@davidbryantlaw.com

6

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

L.C.,

    Plaintiff,

v.                                                                    Civil Action No. 5:21-cv-124-GFVT

UNITED STATES OF AMERICA;
RDAP INSTRUCTOR HOSEA LEE,

    Defendants.

## **CERTIFICATE OF SERVICE**

I, L. Dante diTrapano, do hereby certify that on the 3rd day of June, 2022, I filed electronically, the foregoing *Plaintiff's Reply to United States' Response to Plaintiff's Federal Rule of Civil Procedure 59(E) Motion* with the Clerk of the Court using the CM/ECF system, which will forward notification of such filing to all counsel of record.

/s/ L. Dante diTrapano
L. Dante diTrapano, Esq. (WVSB #6778)
CALWELL LUCE DITRAPANO, PLLC
500 Randolph Street
Charleston, WV 25302
Telephone: 304-343-4323
Fax: 304-344-3684
dditrapano@cldlaw.com

*/s/ David G. Bryant*
David G. Bryant, Esq. (KBN 91351)
David Bryant Law, PLLC
600 W. Main Street, STE 100
Louisville, KY 40202
Telephone: 502-540-1221
Fax: 502-540-1200
david@davidbryantlaw.com

7