UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LEXINGTON

| | |
|---|---|
| L.C., ) | |
| ) | |
| Plaintiff, ) | Case No. 5:21-cv-00124-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff L.C.'s Motion to Alter or Amend the Court's April 19, 2022, Memorandum Opinion and Order. [R. 38.] For the reasons the follow, L.C.'s motion will be DENIED.

**I**

In portions of 2019 and 2020, Plaintiff L.C. was an inmate at the Federal Medical Center, Lexington. [R. 1 at 6.] While at another facility, L.C. completed the majority of her required Residential Drug Abuse Program (RDAP). *Id.* L.C. was informed that to complete the RDAP program, she would need to complete the "Aftercare" portion of the program at FMC Lexington. *Id.* L.C.'s Aftercare class, which began in August 2019, was taught by Defendant Hosea Lee. *Id.* Mr. Lee was a BOP employee who worked in the Psychology Services Department as an RDAP instructor at FMC Lexington. *Id.* at 2.

During the Aftercare class, L.C. alleges that Mr. Lee began giving her "inordinate and inappropriate attention," including making sexual remarks and comments. *Id.* at 7. Between

August and October 2019, Mr. Lee sexually assaulted L.C. in his office closet, allegedly raping her on at least three occasions and forcing her to perform oral sex upon him at least twice. *Id.* at 8–9. L.C. alleges that she did not report Mr. Lee's actions because she feared retribution. *Id.* at 10.

On Friday, November 22, 2019, an inmate at FMC Lexington reported to a BOP employee that Mr. Lee had made inappropriate sexual comments to her following her graduation from the RDAP program. [R. 28-3 at 2, 4.] That same day, another inmate also informed a BOP employee that Mr. Lee had been "bringing packages of cigarettes to inmates for sexual favors." *Id.* at 11. The BOP began an investigation, and on November 25, Mr. Lee was banned from FMC Lexington and informed that "an allegation of misconduct ha[d] been made against [him]." *Id.* at 9.

As part of the investigation, L.C. was interviewed and stated under oath that she had only met with Mr. Lee on one brief occasion, that she had "never been sexually involved with Lee in any way," and that she did not think Mr. Lee was the "type of person who would do something inappropriate with an inmate." [*Id.* at 13; *see also* R. 1 at 10.] On January 15, 2020, Mr. Lee resigned from his position, and two days later, L.C. admitted that Mr. Lee had sexually abused her. [R. 1 at 10; R. 28-2 at 7.] In February 2020, L.C. was transferred to a different facility for a couple of months before returning to FMC Lexington. [R. 1 at 10; R. 28-2 at 7.]

On May 8, 2021, L.C. filed suit in federal court and brought (1) an Eighth Amendment claim against Mr. Lee; (2) assault and battery claims against the United States under the Federal Tort Claims Act; and (3) a negligence claim against the United States under the Federal Tort Claims Act. [R. 1 at 12–17.] The United States filed a motion to dismiss on September 10, 2021, specifically asking the Court to dismiss L.C.'s assault and battery claims and the negligent

2

confinement portion of the negligence claim. [R. 26.] L.C. responded on October 1, and the United States replied on October 15. [R. 29; R. 30.]

On April 19, 2022, the Court granted the United States' motion. [R. 33.] The assault and battery claims were dismissed in their entirety. *Id.* at 17. The negligence claim was subdivided into several parts—negligent hiring, negligent training, and negligent confinement—and the Court dismissed the negligent confinement claim only. *Id.* On May 10, L.C. filed a Motion to Alter or Amend the Court's Order, relying "primarily upon" Rule 59(e) but also Rule 54(b) of the Federal Rules of Civil Procedure.[1] [R. 38.] The United States responded to L.C.'s motion on May 31, and L.C. replied on June 3. [R. 39; R. 40.]

## II

L.C. makes two specific requests in her motion. [R. 38 at 4.] First, L.C. asks the court to "specifically express that Defendant United States of America's motion to dismiss is granted, dismissing Count II completely, and explicitly and completely dismissing Count III except for the claims of negligent hiring and negligent training." *Id.* Second, L.C. asks the court, pursuant to Rule 54(b), to

> "expressly direct the entry of final judgment as to Count II and all of the claims encompassed by Count III excepting the negligent hiring and negligent training claims, further stating and describing that the Court has expressly determined that there is no just reason to delay an appellate review of the dismissal."

*Id.* The Court will address L.C.'s requests in order, starting with her Rule 59(e) request.

## A

"Motions to alter or amend a judgment pursuant to Rule 59(e) are 'extraordinary' in nature and should be 'sparingly granted.'" *Buckner v. Kentucky*, 2011 WL 1304747, at *1 (E.D.

---

[1] L.C. also included that the motion was being brought pursuant to Local Rule 7.1. [R. 38 at 1.] Local Rule 7.1 addresses the filing of motions generally.

3

Ky. Apr. 5, 2011) (quoting *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)). Rule 59(e) permits a court to alter or amend a judgment only "if there is a clear error of law, … newly discovered evidence, … an intervening change in controlling law, … or to prevent manifest injustice." *Bey v. Palmer*, 2017 WL 2820953, at *2 (6th Cir. May 23, 2017) (quoting *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)); *see* Fed. R. Civ. P. 59(e). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.*, at *2 (quoting *GenCorp, Inc.*, 178 F.3d at 834). The manifest error standard is a high bar that requires the "wholesale disregard, misapplication, or failure to recognize controlling precedent" by the court. *United States v. Thornton*, 2019 WL 956797, at *3 (E.D. Ky. Feb. 27, 2019) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Here, L.C. does not provide a legal justification for her motion. She does not assert a change in law or new evidence that would persuade the Court to amend or alter its order, and she does not argue that the order caused her manifest injustice. Rather, L.C. simply asks the Court to alter or amend its order so that "there can be no confusion over what is meant by, or encompassed by, 'negligent confinement.'"[2] [R. 38 at 4.] The possibility of confusion does not constitute an "extraordinary" reason meriting such a drastic remedy.

L.C.'s further argument, that the Court's opinion as to Count III (negligence) could create confusion and impact her ability to appeal moving forward, is also without merit. [R. 38 at 4.] In the opinion, the Court addressed Count III of L.C.'s Complaint, subdividing it into several components: (1) negligent hiring, (2) negligent training, and (3) negligent confinement.[3] [R. 33

---

[2] L.C. also asks the Court to "specifically express that" Count II is dismissed "completely." [R. 38 at 4.] However, the Court's order clearly states that the United States' "Motion to Dismiss the assault and battery claims…is GRANTED." Therefore, L.C.'s request is already contained in the Court's order. Amending the order to include the word "completely" would be unnecessary and superfluous.

[3] L.C. also alleges negligent supervision in paragraphs 108 and 109 of the Complaint. [R. 1 at 17.] In the Complaint, L.C. grouped several negligence claims into Count III. In Kentucky, claims of negligent hiring, training, or supervising an employee can constitute separate negligence claims. *See MV Transp., Inc. v. Allgeier*, 433 S.W.3d

at 8.] The Court then analyzed the negligent confinement portion of Count III specifically, addressing the United States' argument that the negligent confinement portion should be dismissed under the Discretionary Function Exception of the FTCA and under Rule 12(b)(6). [R. 33 at 8.] The United States did not seek to dismiss the other negligence claims in its motion to dismiss. [R. 26 at 10.] After review, the Court finds that it is highly unlikely the Sixth Circuit would to be unable to understand this Court's decision were either party to appeal. Therefore, the Court does not find L.C.'s reasoning to be a valid basis justifying an alteration or amendment at this stage in the litigation.

Furthermore, and most significantly, Rule 59(e) "is not an appropriate vehicle for reconsideration" of an order in which a judgment has not been entered. *Blue v. City of River Rouge*, 2017 WL 6570704, at *1 (E.D. Mich. Dec. 26, 2017); *see also Loomis v. Chrysler Corp.*, 4 F. App'x 214, 215 (6th Cir. 2001) (concluding that that district court "properly denied the motion to alter or amend because no final judgment had been entered in the case at the time the motion was filed"). Here, there has not been a final judgment entered as to the dismissed claims, and therefore a Rule 59(e) remedy is not appropriate.

**B**

Rule 54(b) permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court has expressly determined that there is just reason for delay." Fed. R. Civ. P. 54(b). However, "sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtis-Wright Corp. v. Gen. Elec. Co.*,

---

324, 335 (Ky. 2014). In federal court, sometimes these claims, even if brought separately, can be grouped and analyzed together. *See Herndon v. Torres*, 249 F. Supp. 3d 878, 887 n.3 (N.D. Ohio 2017). Here, Count III of the Complaint includes a negligent confinement claim [R. 1, at ¶¶ 98–104], which has been dismissed, as well as claims for negligent training, hiring, and supervision, which are essentially grouped together in the Complaint. [R. 1, at ¶¶ 105–108.] Because each of negligent hiring, training, and supervision claims "ha[ve] essentially the same elements," they can be addressed together by the parties moving forward. *Herndon*, 249 F. Supp. 3d at 887 n.3.

5

446 U.S. 1, 10 (1980). Generally, "the decision to certify [is] . . . left to the sound judicial discretion of the district court." *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).

Courts employ a two-part analysis in determining whether to grant a Rule 54(b) request. *See Carpenter v. Liberty Ins. Corp.*, 850 F. App'x. 351, 353 (6th Cir. 2021). Under the first step, a district court must "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* (quoting *Planned Parenthood Sw. Ohio Region v. Dewine*, 696 F.3d 490 (6th Cir. 2021)). "A certification order fails the first step if it does not involve a 'final' order or does not constitute multiple, separate claims." *Id.* (citing *Planned Parenthood*, 696 F.3d at 500; *Williams v. Kentucky*, 24 F.3d 1526, 1542 (6th Cir. 1994)).

"At the second step, the district court must expressly determine that there is no just reason to delay appellate review." *Id.* (citing *Planned Parenthood*, 696 F.3d at 500). In determining the second step, courts generally consider a non-exhaustive list of factors to aid in the determination. *Id.* These factors include

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*General Acquisition, Inc. v. Gencorp.*, 23 F.3d 1022, 1030 (6th Cir. 1994) (quoting *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)). A district court should "balanc[e] the competing factors, [and the] finality of judgment should be ordered to advance the interests of sound judicial administration and justice to the litigants." *Curtiss-Wright Corp.*, 446 U.S. at 5.

Here, L.C. brings a claim against Defendant Hosea Lee and two claims against the United States. In granting the United States' motion to dismiss, this Court dismissed some, but not all, of L.C.'s claims as Rule 54(b) requires. However, as discussed *infra*, L.C.'s motion fails under the second step of the Rule 54(b) analysis.

Although the Court sympathizes with L.C.'s situation, the Court also recognizes that the circumstances which would justify granting a Rule 54(b) motion have not yet occurred. L.C. fears that her claim against defendant Hosea Lee will be dismissed if the Federal Torts Claim Act's judgment bar is triggered, resulting from this Court's judgment as to her FTCA claims against the United States. [R. 38 at 3.] L.C.'s reasoning is founded on "the United States Supreme Court's February 2021 *Brownback* decision[,] clarif[ying] [] the FTCA's judgment bar [finding] that if a plaintiff's claims are dismissed—even solely on 12(b)(6) grounds—the judgment bar will be triggered and any associated *Bivens* actions may be dismissed." [R. 40 (citing *Brownback v. King*, 141 S. Ct. 740, 745 (2021)).]

Although this situation is legally plausible, it has yet to occur because the Court has not ruled on all the claims against the United States or entered a judgment in this case, which distinguishes this situation from *Brownback*. Before entry of judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims…does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Consequently, the FTCA's judgment bar has not been triggered. *Stout v. United States*, 2016 WL 7324087, at *4 (W.D. Okla. Dec. 15, 2016) (finding FTCA's judgment bar not triggered where court declined to enter a final judgment).

Furthermore, consideration of the step two factors demonstrates that there is justification for delaying entry of final judgment. First, entry of final judgment at this stage could lead to multiple appeals, which would delay litigation and waste judicial resources. *See id.* at *3–4 (finding entry of final judgment following dismissal of FTCA claim but not all claims would cause "a potentially messy series of fragmented litigation," could lead to redundant appeals, and "would not materially advance the ultimate resolution of this lawsuit"). Additionally, there is a close relationship between the adjudicated and non-adjudicated claims, and the need for review might be mooted by future developments in this litigation. After all, this case is still in its earliest stages, as reflected by the fact that discovery deadlines and a trial date have not yet been set. At this early stage in the litigation, the Court will decline to grant L.C.'s Rule 54(b) request.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Plaintiff L.C.'s Rule 59(e) Motion to Alter or Amend the Court's Memorandum Opinion and Order **[R. 38]** is **DENIED**.

This is the 18th day of July, 2022.

Gregory F. Van Tatenhove
United States District Judge